IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM HILL, | * | |
| ADC #601559 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:25-cv-00131-JJV |
| | * | |
| MARTY BOYD, | * | |
| Sheriff, Craighead County, *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Adam Hill ("Plaintiff") has filed this *pro se* § 1983 action alleging that while he was held in the Craighead County Detention Center ("CCDC"): (1) Defendants Sheriff Boyd, Administrator Bowers, Assistant Administrator Harrell, Maintenance Worker Hall, and Maintenance Supervisor Miller failed to remedy black mold and mildew, leaking pipes, and dirty air vents that made him ill ("conditions claim"); and (2) Craighead County had a practice of giving prisoners inadequate cleaning supplies ("practice claim"). (Doc. 6.) Plaintiff, who is now in the Arkansas Division of Correction, seeks monetary damages against Defendants in both their official and personal capacities. (*Id*.) All other claims have been previously dismissed without prejudice. (Doc. 13.) And the parties have consented to proceed before me. (Doc. 24.)

Defendants have filed a Motion for Partial Summary Judgment arguing a portion of these claims should be dismissed because Plaintiff failed to properly exhaust his administrative remedies. (Docs. 34, 35, 36.) Plaintiff has filed a Response. (Docs. 49-51.) And Defendants have filed a Reply. (Doc. 55.) After careful consideration and for the following reasons, I conclude the Motion should be granted as to Plaintiff's practice claim and denied in all other

1

respects.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting*, LLC, 76 F.4th 753, 757 (8th Cir. 2023).

## III. DISCUSSION

### A. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."

*Jones v. Bock*, 549 U.S. at 219; *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

**B.     CCDC's Grievance Policy**

The CCDC's grievance policy says an inmate must "promptly" file a grievance providing the "time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." (Doc. 36-4 at 1.) The shift supervisor, or jail administrator if an investigation is deemed necessary, must "promptly" provide a written response, which ends the process. (*Id*. at 2.) "Promptly" is not defined by the policy. And the policy does not mention any appeals. However, as will be discussed herein, Plaintiff was able to appeal several of his grievances.

3

### C.     Plaintiff's Grievances

Plaintiff says he was subjected to the conditions at the CCDC from September 24, 2023 to May 14, 2024.[1]  (Doc. 6 at 5.)  While there, Plaintiff filed more 196 grievances and requests.  (Doc. 36-3.)

#### 1.     Practice Claim

Defendant Harrell says in his sworn affidavit that during the relevant time period, Plaintiff did not file <u>any</u> grievances alleging Craighead County had a practice of providing inadequate cleaning supplies to individuals in their custody.  (Doc. 36-1.)  Plaintiff agrees.  (Doc. 49 at 3; Doc. 51 at 1-2.)  And my review of the numerous grievances in the record confirms this to be correct.  (Doc. 36-3.)  Thus, Plaintiff's practice claim against Craighead County is dismissed without prejudice.[2]  *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consequently, Plaintiff's official capacity claim against Defendants Boyd, Bowers, Harrell, Hall, and Miller is also dismissed without prejudice.  *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023) (an official capacity claim against county employees must be treated as a claim against the county itself); *Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021) (in a § 1983 action, a county can only be held liable if the constitutional violation resulted from: (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise).

---

[1] During that time period, Plaintiff was held in the CCDC on three separate occasions: (1) September 24 to December 12, 2023; (2) January 31 to February 7, 2024; and (3) May 10 to 14, 2024.  (Docs. 36, 36-1, 36-2, 50.)

[2] In their Motion, Defendants seek dismissal "with prejudice." (Doc. 34 at 4.)  However, dismissal due to a lack of exhaustion must be without prejudice.  *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015).

### 2. Conditions Claim

It is undisputed Plaintiff first filed a grievance saying there was mold and mildew at the CCDC that was causing him breathing problems on November 5, 2023, which was about six weeks after he arrived there on September 24, 2023. (Doc. 36-3 at 116; Doc. 49 at 3.) On December 8, 2023, which was approximately a month after that grievance was filed, a jailer responded by saying "it has been cleaned." (*Id.*) On the same day, Plaintiff appealed by saying the showers were still covered with mold and mildew and that he was having trouble breathing, as well as other related health issues. (*Id.*) On December 13, 2023, a jailer responded to the appeal by noting that Plaintiff had been released from custody. (*Id.*) Thereafter, Plaintiff filed multiple grievances about the mold, mildew, dirty vents, and broken pipes - many of which were denied as being redundant or because Plaintiff had been released from custody. (Doc. 36-3 at 119, 122, 128, 132-134, 162, 170, 185.)

Defendants argue any conditions claims arising from September 24, 2023 (which is when Plaintiff first arrived at the CCDC) until November 4, 2023 should be dismissed because Plaintiff did not file a grievance alerting them to the problem until November 5, 2023, which was approximately six weeks after he arrived at the CCDC. The problem with that argument is the word "promptly."

As previously mentioned, the CCDC's grievance procedure says a detainee must "promptly" file a grievance and jail officials must "promptly" respond. But the policy does not define "promptly" or otherwise provide any specific deadline. Defendants say that "applying the principles of statutory construction" the Court should rely on the "common meaning" of "promptly," which is "without delay, very quickly or immediately." (Doc. 35 at 7.) Thus, any claims arising before Plaintiff filed his November 5, 2023 grievance should be dismissed. I

5

disagree for several reasons.

First, this is not an issue of <u>statutory</u> construction. The PLRA requires prisoners to properly comply with the <u>administrative rules</u> of the incarcerating facility. The CCDC's administrative rules did not define "promptly" or impose a specific deadline for when grievances had to be filed. And it is not this Court's prerogative to do so in the County's absence.[3] *Jones*, 549 U.S. at 218 ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion").

Second, jailers did <u>not</u> reject Plaintiff's grievances as being untimely filed. Instead, they either addressed them on the merits or denied them as being redundant, even though there is nothing in the CCDC's grievance policy prohibiting repetitive grievances. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) ("the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits"); *Smith v. Andrews*, 75 F.4th 805, 808-09 (8th Cir. 2023) (prison officials make administrative remedies "unavailable" or "incapable of use" by wrongfully rejecting grievances); *Porter,* 781 F.3d at 452 (8th Cir. 2015) ("Inmates are excused from exhausting remedies when officials . . . themselves have failed to comply with the grievance procedures").

Finally, Defendants argue that if the Court allows Plaintiff to proceed with claims arising

---

[3] Further, even if I had the discretion to judicially impose a specific deadline, I would have to do so consistently. The CCDC's policy says jailers must "promptly" respond to grievances, which in some instances, was approximately a month after they were filed. (Doc. 36-3 at 116.) Thus, to be consistent, Plaintiff's claims would have to stem back to at least a month before he filed his November 5, 2023 grievance.

six weeks before he first filed a grievance, then the purposes of the exhaustion requirement (which includes alerting jail officials to the existence of an issue) will be rendered meaningless. While I see the logic in that argument, the problem here is that the proverbial ball is in the County's court. If the CCDC wanted to be alerted about issues within a specific time period, they should have said so in their grievance policy. For these reasons, Defendants' request to dismiss Plaintiff's conditions claims arising between September 24, 2023 to November 4, 2023 is denied.

## IV.  CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion for Partial Summary Judgment (Doc. 34) is GRANTED as to the Plaintiff's practice claim, and DENIED in all other respects.

2. Plaintiff's practice claim against Defendant Craighead County and his official capacity claim are DISMISSED without prejudice.

3. Craighead County is DISMISSED without prejudice as a party to this lawsuit.

4. Plaintiff may proceed with his conditions of confinement claim against Defendants Boyd, Bowers, Harrell, Hall, and Miller in their individual capacities.

5. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 17th day of December 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE